UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Plaintiff,

v.

SACRAMENTO POLICE DEPARTMENT & STATE OF CALIFORNIA,

    Defendants.

NO. CV-08-0834-RHW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff Andre Rhodes is a state prisoner proceeding pro se. On April 21, 2008, Plaintiff filed a civil rights complaint against the Sacramento Police Department and the State of California, pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserts that the Sacramento Police Department concealed exculpatory evidence in order to wrongfully obtain a conviction. Plaintiff seeks a five-million dollar judgment. On August 4, 2008, Plaintiff filed a Petition under 28 U.S.C. § Writ of Habeas Corpus by a Person in State Custody. In this petition, Plaintiff names the Sacramento Police Department and the State of California as Respondents. Plaintiff also filed an Application to Proceed in Forma Pauperis by a Prisoner and submitted a Declaration that he is unable to pay the filing fee.

P<small>RELIMINARY</small> R<small>EVIEW</small>

    Pursuant to 28 U.S.C. § 1915(A), this court must conduct a preliminary review of the complaint to identify any cognizable claims, and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

**ORDER OF DISMISSAL WITH LEAVE TO AMEND** ~ 1

granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(A)(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.

Plaintiff names the Sacramento County Police Department and the State of California as Defendants. To state a claim against a municipality under § 1983, Plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. *Corez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (9th Cir. 1978). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such a policy or custom caused his injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006). Plaintiff has failed to identify any policy or custom that caused his injuries. Additionally, the complaint provides no facts whatsoever in support of Plaintiff's claims. Fed. R. Civ. P. 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them.

Finally, a § 1983 action is not a proper remedy for a prisoner seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). That is, if a judgment in favor of a prisoner in a § 1983 case would "necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Since it decided *Heck*, the Supreme Court has further stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the

**ORDER OF DISMISSAL WITH LEAVE TO AMEND** ~ 2

prisoner's § 1983 suit (state conduct leading to conviction or internal prison proceedings)" where "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dodson*, 544 U.S. 74, 81-82 (2005); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir.2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."). Here, *Heck v. Humphrey* bars Plaintiff's § 1983 action.

The Eleventh Amendment to the U. S. Constitution bars plaintiffs from bringing suits against states in federal court. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). States are therefore immune from suit under the doctrine of sovereign immunity and should be dismissed as a named party from civil rights suits. Idaho v. Couer d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997) (finding states are not persons for purposes of § 1983 civil rights actions). The Court will dismiss Defendant State of California with prejudice as the state is immune from suit.

District courts must afford pro se litigants the opportunity to amend to correct any deficiency in their complaints.. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, the court grants plaintiff leave to file an amended complaint within thirty (30) days of the date this order is filed, to address the deficiencies set forth above.

The Court strikes the habeas petition. To the extent Plaintiff intends to file a proper 28 U.S.C. § 2254 habeas petition, he is ordered to file the petition as a new cause of action.

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a certified copy of the

**ORDER OF DISMISSAL WITH LEAVE TO AMEND** ~ 3

1  inmate's trust account statement for the six months preceding the filing of the
2  Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each
3  institution where he was confined during the six-month period.  Id.
4     If a prisoner is granted leave to proceed in forma pauperis, the Court will
5  assess an initial partial filing fee of 20% of either the average monthly deposits or
6  the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C.
7  § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28
8  U.S.C. § 1915(b)(4).  The balance of the fee will be collected in monthly payments
9  of 20% of the preceding month's income credited to an inmate's account, each time
10 the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  Plaintiff has not
11 provided a certified copy of his trust account statement.  His in forma pauperis
12 application will be denied as incomplete.  Plaintiff will be permitted an additional
13 30 days to either pay the $350.00 filing fee or file a certified copy of his trust
14 account statement.
15     Accordingly, **IT IS HEREBY ORDERED:**
16     1.   The above-captioned cause of action is **dismissed,** with leave to amend.
17     2.   Defendant State of California is **dismissed** with prejudice.
18     3.   Plaintiff shall file an amended complaint within thirty (30) days from the
19 date this order is filed.  Failure to do so will result in the dismissal of this action.
20
21     An amended complaint must include the caption and civil case number used
22 in this order (CV-08-0834-RHW) and the words "AMENDED COMPLAINT" on
23 the first page. Because an amended complaint completely replaces the original
24 complaint, Plaintiff must include in it all the claims he wishes to present. See
25 Ferdik, 963 F.2d at 1262.  Plaintiff may not incorporate material from the original
26 complaint, such as supporting documentation or exhibits, by reference. Plaintiff
27 must include all of his claims, including the cognizable claims set forth above, in
28 the amended complaint.

**ORDER OF DISMISSAL WITH LEAVE TO AMEND** ~ 4

1    Plaintiff is advised that an amended complaint supersedes the original
2 complaint. "[A] plaintiff waives all causes of action alleged in the original
3 complaint which are not alleged in the amended complaint." London v. Coopers &
4 Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
5    4.   Within 30 days from the date of this Order, Plaintiff is ordered to pay
6 the $350.00 filing fee or file a certified copy of his trust account statement.
7    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
8 Order, and forward copies to Plaintiff.
9    **DATED** this 13th day of May, 2010.

                    *s/Robert H. Whaley*
                    ROBERT H. WHALEY
                    United States District Judge

C:\WINDOWS\Temp\notes101AA1\review.wpd

**ORDER OF DISMISSAL WITH LEAVE TO AMEND** ~ 5